The plaintiffs appeal from an order entered by the Montgomery Circuit Court dismissing their complaint because of their *Page 299 
failure to exhaust administrative remedies provided by the Alabama Administrative Procedure Act, Code of 1975, § 41-22-1, et seq. (hereinafter "APA"). We affirm.
Historic Warehouse, Inc. (hereinafter "Warehouse") is a corporation that owns two retail liquor outlets. The outlets are located in Selma and Greenville. Warehouse received two separate retail licenses for these stores from the Alabama Alcoholic Beverage Control Board (hereinafter "ABC Board"). The licenses authorize each outlet to sell beer and table wine at retail prices. Warehouse purchases Miller brand beer in Selma from Alabama Distributing Company, the Miller wholesaler designated for the Dallas County territory by the manufacturer. Warehouse purchases from this wholesaler for resale at both its Selma and Greenville outlets. It also purchases in Greenville other brands from a licensed wholesaler designated for the Butler County territory for resale at both the Greenville and Selma outlets.
In 1984, the Alabama legislature adopted the Exclusive Sales Territories and Wholesalers Act (hereinafter "Territorial Act"), Code of 1975, § 28-8-1, et seq. Section 28-8-8(a)(4) of the Territorial Act states that it shall be unlawful:
 "For any licensed retailer to purchase any brand of alcoholic beverages from any wholesaler which has not been designated by the licensed manufacturer or importer thereof as the wholesaler for such brand for the sales territory within which the retailer's place of business is located."
Section 28-3A-23(e), Code of 1975, of the Alabama Beverage Licensing Code, requires that "a separate [retail] license must be secured for each place where alcoholic beverages are sold. . . . Each premise must have a separate retail license." The ABC Board promulgates regulations under the authority granted it by law. Among these regulations is ABC Board regulation 20-x-8-12(2), which states in part:
 "No retail licensee, his agent or employee may purchase or transport any alcoholic beverage for any other licensee of the Board."
In addition, ABC Board regulation 20-x-6-.04(2) states:
 "A retail licensee of the Board may not sell for resale."
As a result of Warehouse's act of purchasing Miller products in Dallas County and shipping, delivering, or transporting these products to Butler County for sale at retail from its Greenville premises, the Greenville City Council requested the ABC Board to conduct an investigation and to enforce the Territorial Act and the ABC Board's regulations. The ABC Board responded by letter and stated that at its October 9-10, 1984, meeting, it found no violation of any "statute or board regulation."
The appellants, Pierce Stuart, Nathan and Cornelia Boswell, Sterling Oil Company, Inc., Crawford Beverage, Inc., Billy Herring, and Alabama Wholesale Beer Wine Association, commenced this action by filing a request for declaratory judgment and injunctive relief, seeking a construction of the Territorial Act in conjunction with § 28-3A-23(e) and the pertinent ABC Board regulations. Each appellant holds either a valid retail or wholesale license issued by the ABC Board to sell beer and table wine. The appellants contend that the Territorial Act, in conjunction with § 28-3A-23(e), and the ABC Board regulations prohibit a retail licensee of the ABC Board from shipping beer and table wine from the territory of one wholesaler to that of another and from one of its licensed premises to another when separate retail licenses are required for each of the retail licensee's premises.
Warehouse and the ABC Board (appellees) filed a motion to dismiss on the ground that the plaintiffs failed to exhaust their administrative remedies provided by the APA. After a hearing, the court granted the motion to dismiss. The plaintiffs appeal from that judgment.
Appellants filed their brief on appeal, and counsel for the appellees filed a letter brief in which it was suggested that the issue presented on appeal might be moot. We determined that the issue was not moot, and, for a better understanding of the issue presented, we requested that amicus *Page 300 
briefs be filed. Both the Attorney General's Office and the Honorable Alvin Prestwood, who was chairman of the committee that drafted the APA, filed amicus briefs.
Stated simply, the issue on appeal is whether a litigant is required to seek a declaratory ruling by a state agency under § 41-22-11, Code of 1975, before he may ask for a declaratory judgment in the circuit court under § 41-22-10, Code of 1975. Appellants contend that this is not required. We cannot agree.
The following is stated in § 41-22-11:
 "(a) On the petition of any person substantially affected by a rule, an agency may issue a declaratory ruling with respect to the validity of the rule or with respect to the applicability to any person, property or state of facts of any rule or statute enforceable by it or with respect to the meaning and scope of any order of the agency. The petition seeking an administrative determination under this section shall be in writing and shall state with particularity facts sufficient to show the person seeking relief is substantially affected by the rule. Each agency shall prescribe by rule the form of such petitions and the procedure for their submission, consideration and disposition, and shall prescribe in its rules the circumstances in which rulings shall or shall not be issued.
 "(b) A declaratory ruling is binding on the agency and the person requesting it unless it is altered or set aside by a court in a proper proceeding. Such rulings are subject to review in the circuit court of Montgomery county, unless otherwise specifically provided by the statute, in the manner provided in section 41-22-20 for the review of decisions in contested cases. Failure of the agency to issue a declaratory ruling on the merits within 45 days of the request for such ruling shall constitute a denial of the request as well as a denial of the merits of the request and shall be subject to judicial review."
Section 41-22-10 provides:
 "The validity or applicability of a rule may be determined in an action for a declaratory judgment or its enforcement stayed by injunctive relief in the circuit court of Montgomery county, unless otherwise specifically provided by statute, if the court finds that the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff. The agency shall be made a party to the action. In passing on such rules the court shall declare the rule invalid only if it finds that it violates constitutional provisions or exceeds the statutory authority of the agency or was adopted without substantial compliance with rule making procedures provided for in this chapter."
Section 41-22-11(a) clearly provides that a person may petition a state agency to issue a declaratory ruling "with respect to the validity of [a] rule or with respect to the applicability to any person, property or state of facts of any rule" enforceable by it.
Section 41-22-10 allows a person to bring a declaratory judgment action in the Circuit Court of Montgomery County for the similar purpose of determining the "validity or applicability of a rule."
Appellants contend that the proper construction of these sections would allow a litigant to elect between the two procedures, i.e., that one could either petition the agency for a declaratory ruling or bring an action in the first instance in the circuit court. We cannot accept this contention.
It is clear, when these sections are construed in parimateria, as they must be, see McDonald's Corp. v. DeVenney,415 So.2d 1075 (Ala. 1982), and in light of the express purposes of the APA, see § 41-22-2, Code of 1975, that a litigant must exhaust his administrative remedies under § 41-22-11 before he may proceed to the circuit court under § 41-22-10.
Section 41-22-25(a) provides that the APA must be broadly construed to effectuate its purposes. These purposes are expressly listed in § 41-22-2(b). Among those purposes listed are: *Page 301 
 "(2) To increase public accountability of administrative agencies;
". . .
 "(7) To simplify the process of judicial review of agency action as well as increase its ease and availability."
Section 41-22-2(b) continues:
 "In accomplishing its objectives, the intention of this chapter is to strike a fair balance between these purposes and the need for efficient, economical and effective government administration."
Our construction of § 41-22-10 and § 41-22-11 meets these stated objectives.
As is pointed out in the commentary to § 41-22-10, requiring a plaintiff to request an agency to pass on a question before he may proceed to circuit court for a declaratory judgment thereon could have the effect of reducing the burden upon the plaintiff, the agency, and the court, in time and cost and in other ways, if the agency makes a decision on the question that makes a court judgment unnecessary.
In their brief, the appellants argue that requiring a person to proceed first under § 41-22-11 nullifies the operation of §41-22-10, because § 41-22-11 provides for judicial review of an agency's decision only through the process of an appeal. This construction, they argue, is in direct conflict with the recognized principle that it is always presumed that the legislature did not do a vain and useless thing when it enacted a statute. See Ott v. Moody, 283 Ala. 288, 216 So.2d 177
(1968); Starlite Lanes, Inc. v. State, 283 Ala. 48,214 So.2d 324 (1968). We cannot accept this argument.
Clearly, our construction of these sections does not render the language in § 41-22-10 meaningless. Both sections have viable and exclusive fields of operation.
When a person petitions an agency for a declaratory ruling under § 41-22-11, it is true that any such ruling issued by the agency is, by the express language of § 41-22-11(b), subject to review only in the Circuit Court of Montgomery County, unless otherwise specifically provided by statute, and only in the manner provided in § 41-22-20 for the review of decisions in contested cases. See also Alabama Public Service Comm'n v. AAAMotor Lines, Inc., 272 Ala. 362, 131 So.2d 172, cert. denied,368 U.S. 896, 82 S.Ct. 173, 7 L.Ed.2d 93 (1961). Resort to §41-22-10 in these situations is not possible. However, it is also clear that, if an agency refuses to issue a declaratory ruling, § 41-22-11(b) does not require that judicial review of this failure to issue a ruling be in the manner provided in §41-22-20. Indeed, review of such a failure to issue a ruling would not be possible under § 41-22-20, as there would be no record to review. See § 41-22-20(j), Code of 1975.
The language of § 41-22-11(b) reveals that the legislature was aware of this problem. Although judicial review of "rulings" made by an agency is expressly limited to that manner of review used in contested cases, no such qualification is made upon the review available for the "[f]ailure of the agency to issue a declaratory ruling." In these instances, a person may resort to the declaratory action envisioned by § 41-22-10. In other words, under the express language of § 41-22-11(b), a person may resort to the relief provided in § 41-22-10 after the agency involved has failed to make any declaratory ruling on the merits of a petition.
Further, it is clear that in passing § 41-22-10 the legislature did not intend to provide a petitioner with an election of remedies whereby he could, if he so chose, circumvent the authority of an agency by filing an initial action for declaratory judgment in the circuit court. Its intent was merely to make it clear that, in those instances where an agency refuses to act on a petition for declaratory or injunctive relief, such declaratory or injunctive relief is available in the circuit court. The language found in the commentary to § 41-22-10 supports our position:
 "Requiring the plaintiff to request the agency to pass on the question before proceeding to the circuit court for a declaratory judgment thereon could have the effect of reducing the burden upon *Page 302 
the plaintiff, the agency, and the court, in time, costs, and in other ways, if the agency makes a decision on the question that makes a court judgment unnecessary. The procedure in the circuit court would, of course, be governed by the Alabama Uniform Declaratory Judgments Act, Ala. Code §§ 6-6-220 through 6-6-232 (1975). Declaratory relief might be available even in the absence of this section of the Administrative Procedure Act. Nevertheless, this section appears to make the matter clear and to require that the petitioner exhaust his administrative remedies before seeking judicial declaratory or injunctive relief.
[Emphasis added.]
 "It is interesting to note a general reluctance on the part of state courts in the absence of a section such as this one, to grant declaratory or injunctive relief. As professor Kenneth Culp Davis has noted:
 " 'The state courts often have been either unable or unwilling to copy from the federal courts what is especially splendid about the use of injunction and declaratory judgment, usually in combination, as general utility remedies for nonstatutory review of administrative action. The two remedies have been so successful in the federal courts that any informed observer would expect alert state judges to strive to copy the federal system, which has been achieved almost entirely through judicial action. See generally, K. Davis, Administrative Law Text § 24.05, at 461 (3d ed. 1972).' "
In summary, we hold that a person is required to request a declaratory ruling from an agency pursuant to § 41-22-11 before he may proceed under § 41-22-10. If the agency issues such a declaratory ruling, a petitioner's only avenue of judicial review is by appeal. However, if the agency fails to issue such a ruling, the petitioner may resort, as provided in § 41-22-10, to an action for a declaratory judgment in the circuit court.
In light of the foregoing, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
MADDOX, J., dissents.