BRADLEY, Presiding Judge.
This is an appeal from a denial of declaratory relief.
On January 22, 1987 the Alabama State Personnel Board (Board), upon advice of legal counsel, decided to discontinue reallocation procedures when these procedures conflict with a federal order set out in United States v. Frazer, 317 F.Supp. 1079 (M.D.Ala.1970). On October 15, 1987 the plaintiffs, a state merit system employee and the Alabama State Employees Association (Association), pursuant to section 41-22-10, Code 1975, filed an action in Montgomery County Circuit Court against the Board which sought declaratory and injunc-tive relief. The plaintiffs claimed the Board had effected a change of Board rules without following appropriate procedures outlined in the Alabama Administrative Procedure Act, §§ 41-22-1 through -27, Code 1975 (AAPA), when it decided to discontinue reallocation procedures in those instances when the procedures conflicted with a particular federal court order.
After oral argument, the court issued the following order:
“This cause coming on to be heard on Plaintiffs’ complaint for declaratory judgment and injunctive relief, and oral arguments having been heard, the Court finds as follows:
“1. That the action taken by the State Personnel Board is a rule change within the meaning of the Administrative Procedure Act.
“2. That the Plaintiff has not exhausted all administrative remedies, as required by the Act.
“It is, therefore, ORDERED that this case be remanded to the State Personnel Board for administrative hearings on the personnel rules changes.”
The applicable provisions of the AAPA in regard to declaratory relief provide in part:
“§ 41-22-10. The validity or applicability of a rule may be determined in an action for a declaratory judgment or its enforcement stayed by injunctive relief in the circuit court of Montgomery county, unless otherwise specifically provided by statute, if the court finds that the rule, or its threatened application, inter *167 feres with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff....
“§ 41-22-11. (a) On the petition of any person substantially affected by a rule, an agency may issue a declaratory ruling with respect to the validity of the rule or with respect to the applicability to any person, property or state of facts of any rule or statute enforceable by it or with respect to the meaning and scope of any order of the agency.”
§§ 41-22-10, -11, Code 1975. The Supreme Court of Alabama has addressed the relationship of these two provisions in Stuart v. Historic Warehouse, Inc., 505 So.2d 298 (Ala.1986). In Stuart the court ruled that the legislature did not intend for section 41-22-10 to operate unless the plaintiff had first petitioned the agency for a declaratory ruling under section 41-22-11, Code 1975. Election of remedies by the plaintiff is specifically denied in Stuart, thus requiring a petitioner to proceed under section 41-22-11 prior to the operation of section 41-22-10, Code 1975. Stuart, supra.
Thus, once the court found that the plaintiffs had failed to exhaust the administrative remedies, i.e. filing under section 41-22-11, the claim was subject to dismissal, as the circuit court did not have jurisdiction over the complaint under the AAPA. Morgan v. Huntsville City Board of Education, 510 So.2d 260 (Ala.Civ.App.1987). The court committed error in remanding the case, as it should have been dismissed.
Since we have determined that the action should have been dismissed, we pretermit discussion of the merits of the appeal.
The judgment of the trial court is reversed and the cause is remanded for entry of an order dismissing plaintiffs’ action.
REVERSED AND REMANDED WITH INSTRUCTIONS.
INGRAM, J., concurs.
HOLMES, J., not sitting.