STEAGALL, Justice.
We granted the writ of certiorari in this case to review the Court of Civil Appeals’ judgment reversing the trial court’s holding that the actions taken by the Alabama State Personnel Board to discontinue reallocation when such reallocation had the effect of conflicting with the pertinent provisions of United States v. Frazer, 317 F.Supp. 1079 (M.D.Ala.1970), constituted a rule change under the Alabama Administrative Procedure Act. Section 41-22-1 et seq., Ala.Code 1975. 544 So.2d 166. The basis for the Court of Civil Appeals’ decision was the finding by the trial court that Bob Cook and the Alabama State Employees Association had not exhausted all administrative remedies. The court based its reversal on this Court’s case of Stuart v. Historic Warehouse, Inc., 505 So.2d 298 (Ala.1986), stating that “once the court found that the Plaintiffs had failed to exhaust the administrative remedies ..., the claim was subject to dismissal, as the circuit court did not have jurisdiction over the complaint under the [Alabama Administrative Procedure Act].”
Stuart is distinguishable from the instant case and its holding, therefore, does not apply here. This Court in Stuart stated that a petitioner must exhaust his administrative remedies when seeking a declaratory judgment and injunctive relief concerning the construction of an act adopted by the legislature. In the instant case, petitioners are contesting the validity of an action (i.e., a rule change) by the Alabama State Personnel Board that failed to comply with the Alabama Administrative Procedure Act.
Ala.Code 1975, § 41-22-10, reads:
“The validity or applicability of a rule may be determined in an action for a declaratory judgment or its enforcement stayed by injunctive relief in the circuit court of Montgomery county, unless otherwise specifically provided by statute, if the court finds that the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff. The agency shall be made a party to the action. In passing on such rules the court shall declare the rule invalid only if it finds that it violates constitutional provisions or exceeds the statutory authority of the agency or was adopted without substantial compliance with rulemaking procedures provided for in this chapter. (Acts 1981, No. 81-855, p. 1534, § 10.)”
This type of question was clearly contemplated in § 41-22-10 and is properly raised in circuit court. The judgment of the Court of Civil Appeals is reversed and this cause is remanded with instructions to enter an order consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, ADAMS, HOUSTON and KENNEDY, JJ., concur.