This case involves the State Health Planning Agency and the Alabama Certificate of Need Review Board.
After numerous briefs and hearings, the circuit court issued a detailed order. That order in its entirety is as follows:
 "This matter comes before this court on Defendants', Alabama State Health Planning Agency and The Alabama Certificate of Need Review Board (hereinafter referred to as SHPDA), motion to dismiss. Previously, Plaintiff, Alabama Nursing Home Association, voluntarily stipulated to the dismissal of Baptist Medical Center-Montclair (hereinafter referred to as Baptist), and Plaintiff amended its complaint on April 6, 1988, to delete any challenge of the sale of and the relocation to Baptist from A.G. Gaston Home for Senior Citizens, Inc. (hereinafter referred to as Gaston) of 51 nursing home beds. Plaintiff specifically amended its Prayer for Relief to ask this Court to affirm and ratify SHPDA's approval of Baptist's application for sale and relocation despite the alleged infirmities. On April 6, 1988, this Court dismissed Baptist as a party.
 "In this case's current posture, Plaintiff appears to be seeking a declaratory judgment, asking this Court to give an advisory opinion as to the purpose, meaning and operation of § 22-21-270(e), Code of Alabama 1975, and SHPDA Rule 410-1-11-.10, concerning a Certificate of Need not being transferable, assignable or convertible. It is further apparent to the Court, however, that there is no case or controversy presently existing concerning the actual sale or transfer of the nursing home beds from Gaston to Baptist. Furthermore, the actual petition for declaratory ruling which was filed with SHPDA appears to have been primarily aimed at challenging the transfer and relocation of the nursing home beds from Gaston to Baptist. SHPDA refused to issue a declaratory ruling on the petition.
 "Under Alabama law the circuit courts of this State do not have jurisdiction to issue advisory opinions when there is no case or controversy presented. It is apparent to this Court that Plaintiff requests this Court to enter a ruling defining the scope, operation and effect of § 22-21-270(e) and Rule 410-1-11-.10, which is basically a restatement of that code section. However, under Alabama law there must be a bona fide existing controversy of a justiciable character in order to confer jurisdiction to a court to grant a declaratory judgment. A court does not have jurisdiction to decide moot questions, abstract provisions or to give advisory opinions, even when it might be convenient to have questions decided for the government of future cases. State, ex rel. Baxley v. Johnson, 293 Ala. 69, 300 So.2d 106 (1974); Alabama-Tennessee Natural Gas Co. v. City of Huntsville, 275 Ala. 184, 153 So.2d 619
(1963).
 "Based on the pleadings, amendments thereto, the petition for declaratory ruling filed with SHPDA and the applicable *Page 1034 
law, this Court finds it does not have jurisdiction because it is being asked to issue an advisory ruling concerning a statute which also happens to be a SHPDA rule. If a case or controversy did or did not exist concerning the Gaston transfer, it is at the very least moot at this point. It would be almost impossible for this Court to consider all possible fact situations upon which the code section and rule might apply, and this Court does not have jurisdiction to interpret said statute and rule in an abstract vacuum.
 "The Court further finds that the petition for declaratory ruling was not presented in its present form to SHPDA. Under Alabama law a declaratory ruling concerning the operation of an administrative rule or regulation must be first presented to the Agency for a determination. Stuart v. Historic Warehouse, Inc., 505 So.2d 298
(Ala. 1986). Section 41-22-11, Code of Alabama 1975, and the committee comments thereto, further requires the clear facts, circumstances, and the substantial interest of the entity requiring the issuance of the declaratory ruling be set forth in the petition submitted to the agency. In this case the petition for declaratory ruling filed with SHPDA, which Plaintiff has supplied to this Court as an exhibit to its brief, does not appear to have clearly submitted the same request to SHPDA that is submitted to this Court. The petition filed with SHPDA appears to have been primarily directed at attacking the Gaston/Baptist transfer, as did the original complaint filed with this Court, instead of seeking a rule interpretation. For this reason this Court does not have jurisdiction of this matter under the authority of Stuart v. Historic Warehouse, Inc., supra.
 "It is also questionable in this case whether Plaintiff has standing; however, this question does not have to be decided due to the Court's lack of jurisdiction.
 "Based upon the above analysis of the law and findings of the Court with respect thereto, it is,
 "ORDERED, ADJUDGED AND DECREED that this case is hereby dismissed for lack of jurisdiction, with all costs taxed to Plaintiff for which execution may issue."
After a careful review of the record, we adopt the learned and distinguished trial judge's order and affirm his decision.
We would note, however, that although the circuit court's order does not address the issue of "standing," we too have serious reservations whether in this instance the appellant would have standing.
In any event, the case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.