Three providers ("cellular providers") of cellular radio telecommunications services in Alabama[1] filed in the circuit court a complaint for a declaratory judgment and injunctive relief under the Declaratory Judgments Act, Code 1975, §§6-6-220 et seq. They sought a declaration as to whether they are "public utilities" and subject to the levy and payment of ad valorem, license, and gross receipts taxes pursuant to statutes applying to public utilities and subject to regulation by the Alabama Public Service Commission ("PSC").[2] The action was commenced on April 6, 1989, against the Commissioner and the Department of Revenue, arising out of threatened attempts to levy and collect these taxes. Appellees, the Commissioner and the Department of Revenue, filed their answer on May 3, 1989. They contend that the cellular providers are public utilities subject to regulation by the PSC and subject to the public utility taxes.
At the time this suit was filed, none of the issues had been the subject of an administrative determination. On August 14, 1989, the PSC ordered that cellular radio and television services would thereafter be regulated by the PSC with respect to charges, classifications, practices, services, and facilities, and that any entity providing, or wishing to provide, such services within the State of Alabama should obtain certification from the Federal Communications Commission and file tariffs governing provision of the said services subject to approval by the PSC within 60 days.[3] The PSC filed a motion to intervene in the *Page 201 
present case, together with its answer, on August 17, 1989. The PSC alleged that the appellants are public utilities regulated by, and subject to the regulation of, the PSC as telephone companies.
This is an appeal from a final judgment of the trial court entered September 29, 1989, dismissing the cellular providers' action for declaratory and injunctive relief and holding that Code 1975, § 41-22-11, and Stuart v. Historic Warehouse, Inc.,505 So.2d 298 (Ala. 1986), control this case and require the plaintiffs to exhaust administrative remedies under the Alabama Administrative Procedure Act ("APA"), Code 1975, §§ 41-22-1
thorough -27, before the trial court has jurisdiction to proceed with a declaratory judgment action. Specifically, this would mean that the affected parties, the cellular providers, would be required to seek declaratory relief from the Revenue Department with regard to the taxing statute before proceeding to circuit court, despite the fact that the applicability of the taxing statute must be determined by definitions contained in statutes enforceable by the PSC.
We must determine whether the trial court erred in dismissing this case. In doing so we must revisit our holding inStuart, as well as the Administrative Procedure Act.
In Stuart v. Historic Warehouse, retail and wholesale beer and wine licensees sought a construction of the Exclusive Sales Territories and Wholesalers Act, Code of 1975, § 28-8-1 et seq., in conjunction with the Alabama Beverage Licensing Code and pertinent regulations of the Alcoholic Beverage Control Board. These licensees brought an action in the circuit court of Montgomery County, for declaratory and injunctive relief, which was dismissed by the trial court on the grounds that they had failed to exhaust administrative remedies. This Court framed the issue as follows: "Stated simply, the issue on appeal is whether a litigant is required to seek a declaratory ruling by a state agency under § 41-22-11, Code of 1975, before he may ask for a declaratory judgment in the circuit court under § 41-22-10, Code of 1975." We wrote:
 "Appellants contend that the proper construction of these sections would allow a litigant to elect between the two procedures, i.e., that one could either petition the agency for a declaratory ruling or bring an action in the first instance in the circuit court. We cannot accept this contention.
 "It is clear, when these sections are construed in pari materia, as they must be, see McDonald's Corp. v. DeVenney, 415 So.2d 1075 (Ala. 1982), and in light of the express purposes of the APA, see § 41-22-2, Code of 1975, that a litigant must exhaust his administrative remedies under § 41-22-11
before he may proceed to the circuit court under § 41-22-10."
Id. at 300.
In Stuart we held as follows:
 "In summary, we hold that a person is required to request a declaratory ruling from an agency pursuant to § 41-22-11 before he may proceed under § 41-22-10. If the agency issues such a declaratory ruling, a petitioner's only avenue of judicial review is by appeal. However, if the agency fails to issue such a ruling, the petitioner may resort, as provided in § 41-22-10, to an action for a declaratory judgment in the circuit court."
Id. at 302.
This Court distinguished the Stuart holding in Ex parte Cook,544 So.2d 167 (Ala. 1989). In Cook, state merit system employees and the Alabama State Employees Association filed a complaint in the circuit court of Montgomery County, against the State Personnel Board ("Board"), pursuant to § 41-22-10, seeking declaratory and injunctive relief from the personnel board's decision to discontinue reallocation procedures. The plaintiffs in Cook claimed that the Board, which is subject to the Alabama Administrative Procedure Act, had effected a change of Board rules by discontinuing the reallocation procedures without following the rulemaking procedures outlined in *Page 202 
the APA. We distinguished Cook from Stuart, as follows:
 "Stuart is distinguishable from the instant case and its holding, therefore, does not apply here. This Court in Stuart stated that a petitioner must exhaust his administrative remedies when seeking a declaratory judgment and injunctive relief concerning the construction of an act adopted by the legislature. In the instant case, petitioners are contesting the validity of an action (i.e., a rule change) by the Alabama State Personnel Board that failed to comply with the Alabama Administrative Procedure Act."
544 So.2d 167 at 168 (Ala. 1989). We held in Cook that the question presented by the suit was clearly contemplated in §41-22-10 and was properly raised in the circuit court. Id. at 168.
These two cases show the need to clarify the rights and remedies under the Alabama Administrative Procedure Act. In order to do so, it is necessary to set out the history of the APA. The National Conference of Commissioners on Uniform State Laws first adopted a Model State Administrative Procedure Act in 1946; the National Conference followed with the Revised Model State Administrative Procedure Act in 1961. The National Conference later conducted a complete reexamination of the act, which took two years and resulted in their adoption of the Model State Administrative Procedure Act (1981).[4]
The Alabama Administrative Procedure Act was adopted in 1981 as "a minimum procedural code for the operation of all state agencies when they take action affecting the rights and duties of the public." § 41-22-2(a). It was based in part upon the Revised Model State Administrative Procedure Act (1961).
The purposes of the APA are set forth in § 41-22-2(b):
 "(1) To provide legislative oversight of powers and duties delegated to administrative agencies;
 "(2) To increase public accountability of administrative agencies;
 "(3) To simplify government by assuring a uniform minimum procedure to which all agencies will be held in the conduct of their most important function;
 "(4) To increase public access to governmental information;
 "(5) To increase public participation in the formulation of administrative rules;
 "(6) To increase the fairness of agencies in their conduct of contested case proceedings; and
 "(7) To simplify the process of judicial review of agency action as well as increase its ease and availability."
Thus, the APA seeks to make the process of review of state agency actions fairer and more efficient, not to alter the substantive rights of a person affected by a rule. Section41-22-2(c) provides:
 "This chapter is not meant to alter the substantive rights of any person or agency. Its impact is limited to procedural rights with the expectation that better substantive results will be achieved in the everyday conduct of state government by improving the process by which those results are attained."
Every state agency having express statutory authority to promulgate rules and regulations is governed by the APA. §41-22-2(d). However, others, such as the PSC, are exempted by §41-22-2(e):
 "All agencies whose rules or administrative decisions are subject to approval by the supreme court of Alabama and the department of insurance of the state of Alabama are exempted from the provisions of this chapter."
With the adoption of the APA, the state agencies affected were given directions as to the rulemaking requirements of the APA as well as to those requirements imposed on them by the statutes creating the agencies. The APA provides in §§ 41-22-10
and -11 for review of a rule of an agency if a controversy exists.
Section 41-22-10 provides for a declaratory judgment or for injunctive relief: *Page 203 
 "The validity or applicability of a rule may be determined in an action for declaratory judgment or its enforcement stayed by injunctive relief in the circuit court of Montgomery county, unless otherwise specifically provided by statute, if the court finds that the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff. The agency shall be made a party to the action. In passing on such rules, the court shall declare the rule invalid only if it finds that it violates constitutional provisions or exceeds the statutory authority of the agency or was adopted without substantial compliance with rule making procedures provided for in this chapter."
Section 41-22-10 mirrors the wording of the Revised Model State Administrative Procedure Act (1961), which reads as follows in § 7:
 "The validity or applicability of a rule may be determined in an action for declaratory judgment in the [District Court of __________ County], if it is alleged that the rule, or its threatened application, interferes with or impairs or threatens to interfere with or impair, the legal rights or privileges of the plaintiff. The agency shall be made a party to the action. A declaratory judgment may be rendered whether or not the plaintiff has requested the agency to pass upon the validity of applicability of the rule in question."
Section 41-22-11 provides that a person substantially affected by a rule may petition a state agency that falls under the APA to issue a declaratory ruling "with respect to the validity of a rule or with respect to the applicability to any person, property or state of facts of any rule" that is enforceable by the agency:
 "(a) On the petition of any person substantially affected by a rule, an agency may issue a declaratory ruling with respect to the validity of the rule or with respect to the applicability to any person, property or state of facts of any rule or statute enforceable by it or with respect to the meaning and scope of any order of the agency. The petition seeking administrative determination under this section shall be in writing and shall state with particularity facts sufficient to show the person seeking relief is substantially affected by the rule. Each agency shall prescribe by rule the form of such petitions and the procedure for their submission, consideration and disposition, and shall prescribe in its rules the circumstances in which rulings shall or shall not be issued.
 "(b) A declaratory ruling is binding on the agency and the person requesting it unless it is altered or set aside by a court in a proper proceeding. Such rulings are subject to review in the circuit court of Montgomery county, unless otherwise specifically provided by the statute, in the manner provided in section 41-22-20 for the review of decisions in contested cases. Failure of the agency to issue a declaratory ruling on the merits within 45 days of the request for such ruling shall constitute a denial of the request as well as a denial of the merits of the request and shall be subject to judicial review."
Code 1975, § 41-22-11, as amended 1986.
We note that the Tennessee Code is the basis for §§ 41-22-10
and -11. The genesis of § 41-22-10 is Tenn. Code Ann. § 4-5-106 (1979 Replacement); the genesis of § 41-22-11 is Tenn. Code Ann. § 4-5-107 (1979 Replacement). Tennessee statute § 4-5-106 includes this sentence: "A declaratory judgment may not berendered unless the complainant has first requested the agencyto pass upon the validity or applicability of the rule inquestion." This provision is absent from our APA; the fact that it is absent indicates to us that the Alabama Legislature did not intend to make an agency declaratory ruling a prerequisite to seeking a declaratory judgment in circuit court.
The declaratory judgment provisions of acts such as Alabama's were studied by a joint research project of the American Bar Foundation and the University of Michigan Law School on state administrative law; the project noted that such provisions *Page 204 
should be available whether or not administrative remedies were available or have been exhausted:
 "To guarantee the availability of the declaratory judgment procedure for the purpose of testing the validity or applicability of administrative rules, it is therefore desirable to enact specific statutory provisions, making it clear that such petitions do present justiciable controversies, and that they may be brought on for hearing whether or not alternative remedies are available, and whether or not administrative remedies have been exhausted. Such provisions are incorporated in the Revised Model State Act . . ."
F.E. Cooper, State Administrative Law at 247-48 (1965).
We note that the Revised Model State Administrative Procedure Act (1961) included no requirement that administrative remedies be exhausted before an affected party could pursue a declaratory judgment action. A.E. Bonfield, who was one of the two principal draftsmen of the Model State Administrative Procedure Act (1981),[5] states that the Revised Model State Administrative Procedure Act (1961), upon which our statute is based, "provides that a court may render a declaratory judgment with respect to the validity or applicability of a rule 'whether or not the plaintiff has requested the agency to pass upon the validity or applicability of the rule in question.' It is otherwise silent on the extent to which a person must exhaust administrative remedies prior to seeking judicial review of a rule."[6]
It is clear that the Legislature, in adopting the APA, did not intend to limit declaratory judgment actions in any way. By the inclusion of § 41-22-10 in the APA, the drafters of this legislation ensured that the validity and applicability of a state agency rule or regulation could be the basis of a "justiciable controversy" as that term is used in our Uniform Declaratory Judgments Act. Section 41-22-11 was intended to force the state agency to make a decision, not to be a prerequisite to a declaratory judgment action. As the Supreme Court of Wisconsin stated:
 "Sec. 227.06(1), Stats.[7] does not provide a method of review of a determination already made, but a method of requesting an agency to make a determination."
Wisconsin Fertilizer Ass'n v. Karns, 39 Wis.2d 95,158 N.W.2d 294 (1968); see Uniform Laws Annotated, "State Administrative Procedure," § 8 at 403 (1980).
We agree with the analysis espoused by the Honorable Alvin Prestwood, who chaired the committee responsible in large part for the passage of the Alabama Administrative Procedure Act, and who filed an amicus brief with this court inStuart.[8] Section 41-22-10 provides that the validity of applicability of a rule of a state agency may be determined in an action for a declaratory judgment in the Circuit Court of Montgomery County. Section 41-22-11 allows a person who is substantially affected by a rule of a state agency to petition the agency for declaratory relief, and the circuit court may review the agency action under this section. The failure of the agency to act within 45 days of the request constitutes a denial of the merits of a request and is subject to judicial review. *Page 205 
Each section has a field of operation. It is unnecessary as a precondition for bringing such a declaratory judgment action to first petition the state agency under § 41-22-11. To the extent that either Stuart or Cook holds otherwise, it is overruled.
We note that Rule 57, A.R.Civ.P., provides, inter alia: "The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." Section 41-22-25, Code 1975, provides that the APA "shall be construed broadly to effectuate its purposes," while the Declaratory Judgments Act provides that it "is to be liberally construed and administered." § 6-6-221, Code 1975.
The present case is a perfect example of why §§ 41-22-10 and -11 of the APA do not preclude a circuit court from entertaining a declaratory judgment action and do not require that a petition be filed with a state agency under -11 as a precondition for seeking a declaratory judgment. The cellular providers found themselves in a dilemma, having a possible tax liability hanging over their heads for the last four years, with no resolution in sight. There existed no "rule" of any administrative agency that would substantially affect them and that could be the subject of a declaratory ruling under §41-22-11. Furthermore, the statutes that must be applied or construed in order to impose the tax are statutes enforceable by the PSC. The PSC is not an "agency" within the meaning of that term in the APA and is specifically exempted from the provisions of the APA. Therefore, § 41-22-11, providing for declaratory rulings by an "agency," is not applicable to the PSC. The cellular providers properly brought an action under the Declaratory Judgment Act and filed their complaint with the Circuit Court of Montgomery County, Alabama. The circuit court erred in dismissing their suit.
For the reasons stated above, we reverse the judgment and remand this cause to the trial court for a resolution of the justiciable controversy stated in the action for declaratory judgment and injunctive relief.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, ADAMS, HOUSTON and STEAGALL, JJ., concur.
[1] BellSouth Mobility, Inc., Alabama Cellular Service, Inc., and Huntsville MSA Limited Partnership.
[2] The Alabama Legislature passed Act No. 90-97, Ala. Acts 1990, after this suit was filed. That act relates to cellular radio telecommunication services and providers and makes it clear "that such services and providers are not included in and are excluded from the coverage and application of Title 37, Code of Alabama 1975, and from the levy of taxes and assessment of property under Chapter 21, Title 40, Code of Alabama 1975; and [it] levies a gross receipts tax on the monthly recurring access charges and local airtime charges for cellular radio telecommunication services made by their providers at a rate of 4%, or, if less, the rate imposed on utility gross receipts provided in [§]40-21-82, Code of Alabama 1975."
[3] The cellular providers timely appealed to the circuit court from that order, and by agreement the PSC order and the appeal have been stayed pending final disposition of this case.
[4] A.E. Bonfield, State Administrative Rule Making § 1.1.3 at 14-15 (1986).
[5] Id. § 1.1.3 at 12.
[6] Id. § 9.2.4 at 560-61.
[7] This section is very similar to § 41-22-11 of the Alabama Code. It states: "Any agency may, on petition by any interested person, issue a declaratory ruling with respect to applicability to any person, property or state of facts of any rule or statute enforced by it."
[8] "The application of the exhaustion principles to section 10 certainly would not enhance the orderly progress of proceedings and judicial decisions under the APA. Section 11 should be left to its own sphere of operation, and section 10 should be allowed to serve its purposes unfettered. It is respectfully submitted that persons who want relief available only through section 11 should be required to adopt that route, and those seeking relief available only under section 10 should be left to that remedy. In those cases where an affected person had standing and sought relief available under either section, he should be allowed to elect which of the remedies he would explore. It seems that any other approach would create a monster which would, as a practical matter, haunt the courts for some time to come." 505 So.2d 298, at 302 (Maddox, J. dissenting).