This case originated pursuant to the Alabama Administrative Procedure Act (AAPA).
In October 1989, seven merit system employees petitioned the Alabama State Personnel Board (board) for declaratory relief pursuant to Ala. Code 1975, § 41-22-11. A hearing was held before the board with both the employees and the board represented by counsel and with full opportunity to present evidence and arguments. After the hearing the board issued a 24-page order containing detailed findings of facts and conclusions of law. In its order the board denied the employees' petition on the ground that it was not timely filed.
Pursuant to Ala. Code 1975, § 41-22-20, the employees filed a notice of appeal with the board and a petition for judicial review in the circuit court. The employees also *Page 1150 
filed in the circuit court a petition for a declaratory judgment pursuant to Ala. Code 1975, § 41-22-10 and § 6-6-220. The circuit court then issued an order granting relief to the employees.
Although not stated, the order was apparently based on the employees' request for a declaratory judgment and was not a review of the board's actions pursuant to the AAPA. The board now appeals, contending that the circuit court erred in not adhering to the proper standard of review of an agency action.
It is well-settled law that an agency's decision is presumed to be correct and is entitled to deference in the courts.Wood v. Baggiano, 509 So.2d 242 (Ala.Civ.App. 1986). Further, a reversal or modification of an agency ruling is permissible only where the reviewing court finds that the agency's action violates one or more of the standards set forth in § 41-22-20. If the reviewing court does reverse the agency, the court shall set out in writing the reasons for its decision. Ala. Code 1975, § 41-22-20(l). We also point out that the reviewing court may remand the case to the agency so that additional testimony and evidence may be taken or for further proceedings. Ala. Code 1975, § 41-22-20(k).
Here, however, the employees contend that the circuit court was not bound by the standard of review set out above. Instead, they argue that since the board dismissed the case as untimely, they could properly bring a declaratory judgment action in the circuit court pursuant to § 41-22-10.
Prior to 1990, the rights and remedies concerning declaratory judgment actions under the AAPA had not been clear. See Exparte Cook, 544 So.2d 167 (Ala. 1989); Stuart v. HistoricWarehouse, Inc., 505 So.2d 298 (Ala. 1986). However, the Supreme Court in Alabama Cellular Service, Inc. v. Sizemore,565 So.2d 199 (Ala. 1990), clarified these rights.
The AAPA provides in §§ 41-22-10 and 41-22-11 for review of a rule of an agency if a controversy exists. Section 41-22-10
provides for a declaratory judgment or for injunctive relief concerning the validity or applicability of a rule in an action in the Circuit Court of Montgomery County, whereas, § 41-22-11
provides that a person substantially affected by a rule may petition a state agency to issue a declaratory ruling.
In Alabama Cellular Service, the supreme court found that each of the above sections has its own field of operation. It held that there is no requirement to first petition the state agency under § 41-22-11 in order to bring an action in the circuit court pursuant to § 41-22-10. Further, the supreme court cited with approval the analysis espoused by the Honorable Alvin Prestwood.
 "It is respectfully submitted that persons who want relief available only through section 11 [through the agency] should be required to adopt that route, and those seeking relief available only under section 10 [through the circuit court] should be left to that remedy. In those cases where an affected person had standing and sought relief available under either section, he should be allowed to elect which of the remedies he would explore. It seems that any other approach would create a monster which would, as a practical matter, haunt the courts for some time to come."
565 So.2d at 205.
In the instant case, the employees sought a declaratory ruling from the board pursuant to § 41-22-11. Therefore, pursuant to Alabama Cellular Service, the circuit court should have reviewed the decision pursuant to the AAPA. However, as noted above, the employees argue that since the board dismissed the petition as untimely, the circuit court was not required to follow the standard of review of § 41-22-20(k). Instead, they contend that the trial court could properly entertain the action under § 41-22-10. We disagree.
As noted above, § 41-22-11 allows a person who is substantially affected by a rule of a state agency to petition the agency for declaratory relief, and the circuit court may review the agency action under § 41-22-20(k). However, "[t]he failure of the agency to act within 45 days of the request constitutes a denial of the merits *Page 1151 
of a request and is subject to judicial review." AlabamaCellular Service at 204.
Here, the board issued a detailed order within the 45-day time limit. Although the board ultimately dismissed the case as untimely, it is the opinion of this court that such action is not a "failure of the agency to act" as envisioned by the statute. If the board had done nothing within the 45 days, then clearly there would be nothing for the circuit court to review, and the employees could have resorted to § 41-22-10. However, here the board conducted a hearing with all parties being represented by counsel and made specific findings of facts and conclusions of law. Therefore, we find that the board acted on the employees' declaratory judgment petition and that it is reviewable by the circuit court pursuant to § 41-22-20(k).
We note that although it appears to this court that the board may have erred in finding the action to be untimely, it is this court's opinion that we are not yet in a position to make this determination. The AAPA does not permit an agency determination to be appealed directly to this court. Rather, it requires the decision of an agency to first be appealed to the circuit court for review. After the circuit court has reviewed the case, it may then be appealed to this court pursuant to Ala. Code 1975, § 41-22-21. Since we have determined that the circuit court never reviewed the case pursuant to the AAPA, the issue of untimeliness is not properly before this court at this time.
Therefore, this case is due to be reversed and remanded to the circuit court to review this case according to the proper standard of review under § 41-22-20(k). The circuit court should review the record that was before the board in an effort to determine whether the board was correct in finding that the action was untimely. The circuit court may affirm the board's decision; or, if it concludes that the board's actions in denying relief to the employees is due to be reversed due to an error of law (i.e., that the declaratory action was timely filed before the board), or other statutory reason, then it could remand the case to the board for the taking of additional testimony and evidence or for further proceedings pursuant to §41-22-20(k).
This case is due to be reversed and remanded to the circuit court for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
THIGPEN and RUSSELL, JJ., concur.