PER CURIAM.
Woodrow W. Wallace, Jr., was employed as an Auditor II with the State Department of Transportation (Transportation). Wallace had been employed with the State of Alabama since September 1988 and was a permanent merit system employee.
In May 1990 Wallace was offered a position with the State Medicaid Agency (Medicaid) and a promotion to Auditor III. Wallace understood that he was under a probationary period in regard to the Auditor III classification. Wallace accepted the Auditor III position with Medicaid. During the period that Wallace was a probationary Auditor III, he was terminated from his employment with Medicaid. The effective date of his termination from Medicaid was November 9, 1990.
Thereafter, Wallace sought assistance from the State Personnel Board (Personnel) in obtaining a position in his prior classification of Auditor II. Wallace received a letter from Personnel, dated November 16, 1990. This letter provided, in pertinent part:
“Since you were terminated during your probationary period and did not gain merit system status as an Auditor III, you are not entitled to a hearing on your dismissal.
“Because you did have prior merit system status as an Auditor II and as an Accountant I, I am placing your name on the reemployment registers for these classes pursuant to the meidt system law (Section 86-26-21, Code of Alabama, 1975) and State Personnel Board Rule 670-X-10-.01.”
In February 1991 Wallace filed with Personnel a petition for a hearing and a request for a declaratory ruling, pursuant to Ala. Code 1975, § 41-22-11. This petition stated, in pertinent part:
.“[Wallace] seeks a declaratory ruling as to the meaning and scope of Rule 670-X-10-.01 concerning his right to be reemployed to any vacancy in the Auditor II class or in the Accountant II class, which is a comparable class.
“[Wallace] also prays for a declaratory ruling to be issued under Section 41-22-11, Code of Alabama 1975, declaring that Rule 670-X-10-.01 provides for [Wallace’s] demotion to any Accountant I or Auditor II vacancy at [Medicaid], and that [Wallace] is entitled to back pay for the period of time for which said position has not been offered to [Wallace].”
Rule 670-X-10-.01 provides, in pertinent part:
“If any such employee was a regular employee in another position in the classified service immediately prior to his appointment, he shall be demoted to his regular classification. If his promotion has been in a State agency other than the one in which he held regular status, and there is no vacancy to which he may be demoted, his name shall be placed on the reemployment list for the class of the position in which he was a regular employee. (Statutory Authority: 36-26-21, Code of Alabama 1975.)”
Wallace and his attorney were present with full opportunity to present arguments when Personnel considered the matter during its March 19, 1991, meeting. Personnel determined that the interpretation of Rule 670-X-10-.01, which it set out in its ruling as follows, was the correct interpretation:
“Medicaid did not consider [Wallace] to have such an entitlement [to assume any Accountant I or Auditor II vacancy at [Medicaid] upon that agency’s termination of him during his probationary period as an Auditor III], relying upon the historical interpretation of the Rule [670-X-10-.01] enforced by the State Personnel Directors and followed by state agencies in personnel actions for many years. That interpretation is that an employee who is promoted *685 to a higher class and then separated during the probationary period has a right of return to the lower class only when the promotion has been unthin the state agency in which he held permanent status. Where the promotion to the higher class is in another agency, the employee has no right of return to the lower class but instead is placed on the reemployment list in the lower classification. Normal reemployment practices would then permit any agency, in its discretion, to use the reemployment list to fill a vacancy.”
(Emphasis added.) Consequently, Personnel found that Wallace’s petition for declaratory relief was without merit and due to be denied.
Wallace filed a notice of appeal with Personnel, wherein he stated his intent to appeal Personnel’s decision to the circuit court. In May 1991 Wallace filed a petition for judicial review of Personnel’s declaratory ruling with the circuit court. The petition named Personnel and Medicaid as respondents. Wallace’s petition alleged that the circuit court has jurisdiction over the matter pursuant to Ala.Code 1975, § 41-22-20(b), of the Alabama Administrative Procedure Act (Act).
In his petition, Wallace alleged that he had been dismissed from his employment with the State without a dismissal hearing in violation of his due process rights, and that the misinterpretation of Rule 670-X-10-.01 had deprived him of his right to a livelihood with the State as a merit system employee. Wallace requested that the circuit court reverse the rulings of Medicaid and Personnel and interpret Rule 670-X-10-.01 in favor of his position. Wallace also requested that the circuit court order Medicaid to place him in either an Accountant I or Auditor II position, should a vacancy exist, and order that he was entitled to back-pay.
Medicaid filed a motion to dismiss, with a supporting brief. It was Medicaid’s position that it should not be a party to this proceeding because Wallace was seeking a review of Personnel’s administrative declaratory ruling. Medicaid argued that it was not a party to the declaratory ruling and did not exercise any decision-making authority in the declaratory ruling.
In July 1991 Wallace filed an amended petition for judicial review, wherein he alleged that the rulings by Medicaid and Personnel were in violation of provisions in the Handbook for Employees, which described the rights and privileges of a state employee during the probationary period. The Handbook for Employees was published by Personnel and distributed to state employees.
There was no further action in this case until March 1994, when Wallace filed a motion for leave to amend his petition, wherein he alleged that he had a claim against the State and its agencies for breach of contract. Wallace filed a brief in support of his motion for leave to amend his petition. In this brief, Wallace states that he “filed his petition as a parallel action to his complaint in U.S. District Court.”
In his second amended complaint, Wallace named Transportation as an additional defendant, as well as the individuals who were the directors of Personnel, Transportation, and Medicaid, and the individuals serving as members of Personnel. Wallace alleged that the defendants had entered into an employment contract with him and that the terms of the contract were contained in the Handbook for Employees. Wallace also alleged that the defendants had breached the contract when they failed to provide him with a hearing on the merits of his termination and when they refused to reemploy him in a position at his previous classification, despite the fact that positions in his previous classification were available with Medicaid and Transportation. Wallace requested that the trial court order reinstatement of Wallace to such jobs which he may be entitled to and qualified for, and that he be awarded back pay and benefits.
Personnel filed a motion to dismiss, wherein it alleged that the circuit court lacked subject matter jurisdiction of this appeal under the Act because Wallace failed to post a cost bond, as required by § 41-22-20(b). Additionally, both Personnel and Medicaid filed briefs which contained arguments concerning their respective positions in this matter.
*686 Thereafter, the circuit court decided to rule in favor of Wallace and requested that he prepare a proposed order. The circuit court allowed each party to review the proposed order and to file objections to the proposed order.
On August 15, 1994, the circuit court issued an order, finding in favor of Wallace. The order provided, in pertinent part:
“The court finds that the gravamen of this matter is the construction of the terms of the contractual relationship between [Wallace] and Respondents, which relationship arose pursuant to statute, and which could have been adjudicated in the court pursuant to the authority of [Ala.Code 1975,] §§ 6-6-222, -228, and -230, without reference to § 41-22-20.”
The order stated that Wallace was to be reinstated as a regular employee at the classification of Auditor II, if such a vacancy existed at the time of termination and exists today, with full seniority as though he had never been terminated, and that he was to be given back pay and benefits to be borne in equal shares by Personnel and Transportation.
Personnel and Transportation appeal.
The dispositive issue is whether the circuit court committed reversible error when it treated this case as a breach of contract case rather than as a judicial review of Personnel’s declaratory ruling.
As noted previously, Wallace filed with Personnel a petition for a hearing and a request for a declaratory ruling, pursuant to Ala.Code 1975, § 41-22-11. Personnel issued a declaratory ruling, which was adverse to Wallace. Section 41-22-ll(b) provides, in pertinent part: “A declaratory ruling is binding on the agency and the person requesting it unless it is altered or set aside by a court in a proper proceeding.”
Wallace’s only recourse, after requesting that Personnel issue a declaratory ruling pursuant to § 41-22-11, was an appeal to the Circuit Court of Montgomery County for a judicial review of the declaratory ruling issued by Personnel. See Ala.Code 1975, § 41-22-11(b). The standard of review which the circuit court must follow in reviewing the declaratory ruling issued by Personnel is set forth in Ala.Code 1975, § 41-22-20. Alabama State Personnel Board v. Brashears, 575 So.2d 1149 (Ala.Civ.App.1991).
We would note that, initially, Wallace had the option of filing an action for declaratory judgment as to the validity or applicability of Rule 670-X-10-.01 directly with the circuit court of Montgomery County, pursuant to Ala.Code 1975, § 41-22-10. Alabama Cellular Service, Inc. v. Sizemore, 565 So.2d 199 (Ala.1990). However, Wallace elected not to pursue that avenue and is now bound by that decision. Consequently, the circuit court of Montgomery County is now required to review Personnel’s declaratory ruling pursuant to the Act.
In light of the above, we find that the learned and distinguished trial judge committed reversible error when he treated the matter as a breach of contract case and declined to review Personnel’s declaratory ruling without reference to § 41-22-20. We reverse the judgment of the circuit court and remand the cause to the circuit court to review this case in accordance with the standard of review provided in § 41-22-20.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.