PITTMAN, Judge.
This court’s opinion of April 12, 2013, is withdrawn, and the following is substituted therefor.
RCHP-Florence, LLC, an entity doing business as Eliza Coffee Memorial Hospital and Shoals Hospital (“RCHP-Florence”), petitions this court for a writ of mandamus directing the Montgomery Circuit Court (“the circuit court”) to set aside a discovery order. For the reasons discussed below, we deny RCHP-Florence’s petition.
On November 3, 2010, RCHP-Florence filed a petition pursuant to § 41-22-ll(a), Ala.Code 1975,[1] with the State Health Planning and Development Agency (“SHPDA”). RCHP-Florence’s petition asked SHPDA’s Certificate of Need Review Board (“the CONRB”) to issue a declaratory ruling that Colbert County Northwest Alabama Health Care Authority, an entity doing business as Helen Keller Hospital (“Helen Keller”), was required to cease performing surgical procedures at an outpatient-surgery center located on its campus (“the outpatient-surgery center”) until it obtained a certificate of need (“CON”) from the CONRB. On November 12, 2010, Helen Keller intervened in order to oppose RCHP-Florence’s petition. The CONRB held a hearing regarding RCHP-Florence’s petition on November 17, 2010. At that hearing, RCHP-Florence began presenting evidence in support of its petition; however, before the parties’ presentation of evidence was completed, the CONRB and the parties, at the request of the CONRB, entered into an agreement on the record (“the agreement”) to extend the 45-day period specified by § 41-22-ll(b), Ala.Code 1975 (“the 45-day period”),[2] for the CONRB to issue an express ruling regarding RCHP-Florence’s petition until the next regularly scheduled meeting of the CONRB on January 19, 2011. However, on January 18, 2011, the governor placed a moratorium on meetings of the CONRB, and, consequently, the January 19, 2011, meeting of the CONRB was canceled.
On February 4, 2011, RCHP-Florence filed a notice of appeal with SHPDA, and, on March 4, 2011, RCHP-Florence filed a complaint in the circuit court stating three claims.[3] The first claim sought judicial *1008 review of the denial by operation of law of the petition RCHP-Florence had filed with SHPDA pursuant to § 41-22-ll(a). The second claim sought a declaratory ruling by the circuit court, pursuant to § 41-, 22-10, Ala.Code 1975,[4] and the Declaratory Judgment Act, § 6-6-220 et seq., Ala.Code 1975,[5] that Helen Keller was required to cease performing surgical procedures at the outpatient-surgery center until it obtained a CON from the CONRB. The third claim sought an injunction from the circuit court, pursuant to § 22-21-276(a), Ala.Code 1975,[6] enjoining Helen Keller from performing surgical procedures at the outpatient-surgery center until it obtained a CON from the CONRB. Thereafter, Helen Keller propounded certain discovery requests that RCHP-Florence considered objectionable, and RCHP-Florence filed a motion for a protective order. The circuit court orally denied that motion. Subsequently,' RCHP-Florence timely filed a petition asking this court to issue a writ of mandamus directing the circuit court to set aside its order denying the motion for a protective order. Because the circuit court had not rendered and entered a written order ruling on the motion for a protective order as required by Rule 58, Ala. R. Civ. P., this court instructed the circuit court to enter such an order, and the circuit court did so.
Thereafter, we called for an answer and briefs. Helen Keller filed an answer, and both RCHP-Florence and Helen Keller filed briefs. Although RCHP-Florence had named SHPDA as a defendant in the complaint RCHP-Florence had filed in the circuit court,[7] SHPDA did not file an answer or brief.
In reviewing the papers filed with RCHP-Florence’s mandamus petition and the answer to that petition filed by Helen Keller, we noted an issue regarding the jurisdiction of the circuit court over RCHP-Florence’s first claim that the parties had not addressed. Accordingly, we called for the parties to submit letter briefs addressing that issue. RCHP-Florence and Helen Keller filed letter briefs; however, SHPDA did not. Because “ ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu,’ ” Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)), we must first determine whether RCHP-Florence’s claims invoked the jurisdiction of the circuit court.
*1009 Because RCHP-Florence’s first claim sought judicial review of a decision of an administrative agency and because the timely filing of a notice of appeal is necessary to invoke the jurisdiction of the circuit court to review a decision of an administrative agency pursuant to § 41-22-20, Ala.Code 1975, see Krawczyk v. State Dep’t of Pub. Safety, 7 So.3d 1035, 1037 (Ala.Civ.App.2008) (“[A] timely filing [of a notice of appeal] under § 41-22-20(d)[, Ala.Code 1975,] is jurisdictional.”), we must determine whether RCHP-Florence timely filed its notice of appeal in order to determine whether RCHP-Florence’s first claim invoked the jurisdiction of the circuit court.
Section 41-22-20(d), Ala.Code 1975, provides that a notice of appeal from a final decision of an administrative agency such as the CONRB of SHPDA must be filed with the pertinent administrative agency within 30 days of the date the petitioner receives notice of, or other service of, the decision rendered by that administrative agency. When the decision of the administrative agency is the denial of a petition or application by operation of law due to the administrative agency’s failure to rule on that petition or application within a specified period, a notice of appeal from such a denial must be filed within 30 days after the petition or application was denied by operation of law. See Noland Health Servs., Inc. v. State Health Planning & Dev. Agency, 44 So.3d 1074, 1081-82 (Ala.2010) (holding that the period for seeking judicial review of denial of CON application not expressly ruled upon by the CONRB begins to run at the time that application has been denied by operation of law). Section 41-22-11(b) provides that, when a petition for a declaratory ruling is filed with an administrative agency pursuant to § 41-22-ll(a), “[failure of the agency to issue a declaratory ruling on the merits within 45 days of the request for such ruling shall constitute a denial of the request as well as a denial of the merits of the request and shall be subject to judicial review.” In the present case, the 45th day after the filing of RCHP-Florence’s petition with SHPDA was December 18, 2010, which was a Saturday. However, § 1-1-4, Ala.Code 1975, provides that, if the last day of a period within which an act must be done falls on a Sunday, a legal holiday as defined in § 1-3-8, Ala.Code 1975, “or a day on which the office in which the act must be done shall close as permitted by any law of this state, the last day also must be excluded, and the next succeeding secular or working day shall be counted as the last day within which the act may be done.” Consequently, because SHPDA, like many agencies of this State, is closed for business on Saturday,[8] the last day allowed by § 41-22-ll(b) for the CONRB to issue an express ruling in response to RCHP-Florence’s petition was Monday, December 20, 2010.
However, RCHP-Florence argues that the 45-day period did not expire until January 19, 2011, because, RCHP-Florence says, the agreement extended the 45-day period until January 19, 2011. Thus, according to RCHP-Florence, it had 30 days from January 19, 2011, to file a notice of appeal, and, it asserts, it timely filed that notice of appeal on February 4, 2011. We disagree.
Section 41-22-11(b) expressly states that the “[fjailure of the agency to issue a declaratory ruling on the merits within 45 days of the request for such ruling shall constitute a denial of the request as well as a denial of the merits of *1010 the request and shall be subject to judicial review,” and it contains no language authorizing either an administrative agency such as the CONRB or the parties to a proceeding initiated by the filing of a petition pursuant to § 41-22-ll(a) to extend the 45-day period by agreement. When the legislature has intended to authorize extensions by agreement of periods for administrative agencies to issue express rulings in response to petitions or applications, it has included language expressly authorizing such extensions in the pertinent statute. See, e.g., § 22-21-275(3), Ala.Code 1975 (expressly authorizing SHPDA to extend the 90-day period for the CONRB to rule on a CON application for a period not to exceed 30 days with or without the consent of the applicant and to extend that 90-day period without limitation with the consent of the applicant). Consequently, the legislature’s omitting language from § 41-22-ll(b) that would expressly authorize extensions of the 45-day period by agreement clearly and unambiguously evidences the intent of the legislature not to authorize such extensions.
“The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute. Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect. Tuscaloosa County Comm’n v. Deputy Sheriffs’ Ass’n of Tuscaloosa County, 589 So.2d 687 (Ala. 1991).”
IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992). In the case of § 41-22-11(b), the plain language of the statute means what it says— if an administrative agency does not issue an express ruling in response to a § 41-22-11(a) petition within 45 days, the petition is denied on the merits by operation of law, and that denial is subject to judicial review. Accordingly, in the present case, we conclude that the agreement did not extend the 45-day period and that, therefore, the 45-day period expired on December 20, 2010.
In the letter brief RCHP-Florence filed in response to our request that the parties address the issue whether the circuit court had jurisdiction over RCHP-Florence’s first claim, RCHP-Florence asserted that § 41-22-11(b) authorizes extensions of the 45-day period by agreement because, it said, extensions by agreement of the 45-day period are analogous to agreements of the parties to extend the period for a trial court to rule on a postjudgment motion pursuant to Rule 59.1, Ala. R. Civ. P. However, we do not find an extension by agreement of the 45-day period to be analogous to an extension by agreement of the period for a trial court to rule on a post-judgment motion pursuant to Rule 59.1 because Rule 59.1 expressly authorizes an extension by agreement of the period for a trial court to rule on a postjudgment motion, whereas § 41-22-11(b) does not expressly authorize an extension by agreement of the 45-day period.
 In its application for rehearing and supporting brief, RCHP-Florence has argued (1) that it was lulled into inaction by the CONRB’s request that it enter into the agreement and that, therefore, the doctrine of equitable tolling should be applied so as to extend the 30-day period for RCHP-Florence to file its notice of appeal with SHPDA; (2) that, if this court holds that the 45-day period cannot be extended by agreement, it should make the application of that holding prospective only; (3) that, if this court holds that the 45-day *1011 period cannot be extended by agreement, it will be thwarting the intent of § 41-22-11(b) as evidenced by the Commentary to that Code section; (4) that, if this court holds that the 45-day period cannot be extended by agreement, it will not be giving the CONRB’s interpretation of § 41-22-ll(b) the great deference it is due;[9] and (5) that, because § 41-22-ll(b) is silent regarding whether the 45-day period can be extended by agreement, this court should look beyond the plain language of § 41-22-11(b) to determine the intent of the legislature regarding whether the 45-day period can be extended by agreement. RCHP-Florence could have presented all of those arguments in its letter brief, but it did not do so. Instead, it has presented those arguments for the first time on application for rehearing. It is well settled that an appellate court will not consider arguments made for the first time on application for rehearing. See, e.g., Fort James Operating Co. v. Stephens, 996 So.2d 883, 843 (Ala.2008) (‘““The well-settled rule of [the Alabama appellate courts] precludes consideration of arguments made for the first time on rehearing.” ’ ” (quoting Riscorp, Inc. v. Norman, 915 So.2d 1142, 1155 (Ala.2005) (opinion on application for rehearing), quoting in turn Water Works & Sewer Bd. of Selma v. Randolph, 833 So.2d 604, 608 (Ala.2002))). This rule applies even if the arguments raised for the first time on application for rehearing pertain to an important issue. Id. For example, in Fort James Operating Co., the supreme court stated:
“Stephens has raised for the first time on application for rehearing his argument that this Court misapprehended the setoff provision in § 25-5-57(c)(3), Ala.Code 1975, by granting Fort James a setoff for wages Stephens earned through actual labor, not by way of a ‘sympathy salary paid by Fort James because of Stephens’s injury and inability to work. ‘ “The well-settled rule of this Court precludes consideration of arguments made for the first time on rehearing.” ’ Riscorp, Inc. v. Norman, 915 So.2d 1142, 1155 (Ala.2005) (opinion on application for rehearing) (quoting Water Works & Sewer Bd. of Selma v. Randolph, 833 So.2d 604, 608 (Ala. 2002)). Accordingly, because Stephens attempts to raise this particular argument for the first time in his application for rehearing, we cannot consider it. Because this is an important issue in the area of workers’ compensation law that does not appear to have been definitively addressed by this Court, we will await a proceeding in which this issue is both squarely before this Court for adjudication and adequately briefed.”
996 So.2d at 843-44 (emphasis added). Accordingly, because the arguments RCHP-Florence makes regarding extensions by agreement of the 45-day period in its application for rehearing and supporting brief have been raised for the first time on application for rehearing, we will not consider them. See Fort James Operating Co., supra.
Asserting that it is an amicus curiae, SHPDA has filed a brief in support of RCHP-Florence’s application for rehearing in which SHPDA argues (1) that its interpreting § 41-22-11(b) as authorizing extensions by agreement of the 45-day period is reasonable and should be given deference by this court,[10] (2) that its inter *1012 preting § 41 — 22—11(b) as authorizing extensions by agreement of the 45-day period furthers the purposes of the Alabama Administrative Procedure Act, § 41-22-1 et seq., Ala.Code 1975, and (3) that interpreting § 41-22-11(b) as not authorizing extensions by agreement of the 45-day period will have a negative impact on other administrative agencies. Helen Keller ar-gués that SHPDA cannot be an amicus curiae in this mandamus proceeding because it is a party to RCHP-Florence’s action in the circuit court.[11] However, we need not determine whether SHPDA is a party or an amicus curiae in this mandamus proceeding because we cannot consider its arguments regardless of whether it is a party or an amicus curiae. If it is a party, we are precluded from considering its arguments because it has raised them for the first time on application for rehearing. See Fort James Operating Co., supra. On the other hand, if it is an amicus curiae, we cannot consider its arguments because they were not timely raised by RCHP-Florence. See Lloyd Noland Hosp. v. Durham, 906 So.2d 157, 173 n. 4 (Ala.2005) (declining to consider an amicus curiae’s arguments insofar as they differed from the appellant’s arguments). Accordingly, we will not consider SHPDA’s arguments.
Because we conclude that § 41-22-ll(b) does not authorize extensions by agreement of the 45-day period and because the CONRB did not issue an express ruling in response to RCHP-Florence’s petition on or before December 20, 2010, RCHP-Florence’s petition was denied by operation of law on December 20, 2010, see § 41-22-11(b), and the 30-day period for RCHP-Florence to file a notice of appeal with SHPDA began to run on December 21, 2010. See Noland Health Servs., Inc. v. State Health Planning & Dev. Agency, supra. That 30-day period expired on January 19, 2011, and RCHP-Florence did not file its notice of appeal with SHPDA until February 4, 2011. Consequently, RCHP-Florence’s notice of appeal was untimely filed, and, thus, RCHP-Florence’s first claim did not invoke the jurisdiction of the circuit court. See Krawczyk v. State Dep’t of Pub. Safety, supra.
RCHP-Florence also argues that, even if its first claim failed to invoke the circuit court’s jurisdiction, its second claim, which stated a claim for a declaratory ruling by the circuit court pursuant to § 41-22-10 and the Declaratory Judgment Act, and its third claim, which stated a claim for an injunction to be issued by the circuit court pursuant to § 22-21-276(a), invoked *1013 the jurisdiction of the circuit court. However, we disagree.
Section 41-22-ll(b) provides that the failure of the administrative agency to issue an express ruling in response to a § 41-22-11(a) petition within the 45-day period “shall constitute ... a denial of the merits of the [petition] and shall be subject to judicial review.” (Emphasis added.) It also provides, in pertinent part:
“A declaratory ruling is binding on the agency and the person requesting it unless it is altered or set aside by a court in a -proper proceeding. Such rulings are subject to review in the Circuit Court of Montgomery County ... in the manner provided in Section jl-22-20 for the review of decisions in contested cases.”
(Emphasis added.)
Moreover, § 41-22-20(j), Ala.Code 1975, provides, in pertinent part, that “[t]he review shall be conducted by the court without a jury and, except as herein provided, shall in the review of contested cases be confined to the record and the additions thereto as may be made under subsection (i) of this section.” Furthermore, § 41-22-20(k), Ala.Code 1975, provides:
“[T]he agency order shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, except where otherwise authorized by statute. The court may affirm the agency action or remand the case to the agency for taking additional testimony and evidence or for further proceedings. The court may reverse or modify the decision or grant other appropriate relief from the agency action, equitable or legal, including declaratory relief, if the court finds that the agency action is due to be set aside or modified under standards set forth in appeal or review statutes applicable to that agency or if substantial rights of the petitioner have been prejudiced because the agency action is any one or more of the following:
“(1) In violation of constitutional or statutory provisions;
“(2) In excess of the statutory authority of the agency;
“(3) In violation of any pertinent agency rule;
“(4) Made upon unlawful procedure;
“(5) Affected by other error of law;
“(6) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
“(7) Unreasonable, arbitrary, or capricious, or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.”
RCHP-Florence’s arguing that its second and third claims independently invoked the circuit court’s jurisdiction is tantamount to arguing that RCHP-Florence is entitled to seek a new adjudication by the circuit court of the same issue that was decided on the merits by the CONRB instead of seeking judicial review of the CONRB’s decision in accordance with §§ 41-22-ll(b) and 41-22-20. The language in § 41 — 22—11(b) stating that a failure of the administrative agency to issue an express ruling in response to a § 41-22-11(a) petition within the 45-day period constitutes a denial of the petition- on the merits, that such a denial on the merits is subject to judicial review, and that such a denial on the merits is binding on the administrative agency and the applicant unless it is altered by the circuit court in a proceeding seeking judicial review in accordance with § 41-22-20 indicates that, once RCHP-Florence sought a declaratory ruling from the CONRB pursuant to § 41-22-11(a) and its petition was denied on the merits by the failure of the CONRB to issue an express ruling in response to the petition within the 45-day period, RCHP- *1014 Florence’s only recourse was to seek judicial review of the CONRB’s decision in accordance with § 41-22-20.
RCHP-Florence. argues that, although seeking judicial review would have been its only recourse if the CONRB had issued an express ruling in response to its § 41-22-11(a) petition within'the 45-day period, it is entitled to seek a new adjudication by the circuit court of the issue its § 41-22-11(a) petition presented to the CONRB because, it says, its § 41-22-11(a) petition was denied by operation of law rather than by an express ruling. It is well settled that, when the administrative agency issues an express ruling denying a § 41-22-11(a) petition within the 45-day period, the petitioner’s only recourse is judicial review pursuant to § 41-22-20. See, e.g., State Pers. Bd. v. Wallace, 659 So.2d 683, 686 (Ala.Civ.App.1995) (“[The petitioner’s] only recourse, after requesting that [the administrative agency] issue a declaratory ruling pursuant to § 41-22-11, was an appeal to the Circuit Court of Montgomery County for a judicial review of the declaratory ruling issued by [the administrative agency].”). However, the parties have not cited a case in which an appellate court has squarely decided the specific issue whether a petitioner is entitled to seek a new adjudication by the circuit court of the issue presented to the administrative agency if the petitionei-’s § 41-22-11(a) petition has been denied by operation of law rather than by express ruling.
As support for its argument that, because its § 41-22-11(a) petition was denied by operation of law, it is entitled to seek a new adjudication by the circuit court of the same issue its § 41-22-11(a) petition raised before the CONRB, RCHP-Florence cites dicta in two cases, Stuart v. Historic Warehouse, Inc., 505 So.2d 298 (Ala.1986) (overruled by Alabama Cellular Service, Inc. v. Sizemore, 565 So.2d 199 (Ala.1990)), and Alabama State Personnel Board v. Brashears, 575 So.2d 1149 (Ala.Civ.App.1991). In Stuart, the petitioners sought a declaratory ruling and the issuance of an injunction by the circuit court pursuant to § 41-22-10 without first seeking a declaratory ruling by the pertinent administrative agency pursuant to § 41-22-11(a). The circuit court dismissed the petitioners’ action on the ground that they had failed to exhaust their administrative remedies, and the petitioners appealed. On appeal, the sole issue before the supreme court was “whether a litigant is required to seek a declaratory ruling by a state agency under § 41-22-11, Code of 1975, before he may ask for a declaratory judgment in the circuit court under § 41-22-10, Code of 1975.” 505 So.2d at 300. Holding that a petitioner did indeed have to seek a declaratory ruling by the administrative agency pursuant to § 41-22-11(a) as a prerequisite to seeking a declaratory ruling by the circuit court pursuant to § 41-22-10, the supreme court stated in dicta that “if the agency fails to issue [an express] ruling, the petitioner may resort, as provided in § 41-22-10, to an action for a declaratory judgment in the circuit court.” 505 So.2d at 302. However, Stuart was overruled by Alabama Cellular Service, Inc. v. Sizemore, 565 So.2d 199 (Ala.1990), which held that a petitioner is not required to seek a declaratory ruling by the pertinent administrative agency pursuant to § 41-22-ll(a) as a prerequisite to seeking a declaratory ruling by the circuit court pursuant to § 41-22-10. In dicta, the Sizemore court stated that, if a petitioner elects to seek a declaratory ruling from the pertinent administrative agency pursuant to § 41-22-ll(a), “[t]he failure of the agency to act within 45 days of the request constitutes a denial of the merits of [the] request and is subject to judicial review.” 565 So.2d at 204 (emphasis added).
*1015 In Brashears, supra, the petitioners sought a declaratory ruling from the pertinent administrative agency pursuant to § 41-22-11(a), and, within the 45-day period, the administrative agency issued an express ruling denying their petition on the ground that it was not timely filed. The petitioners then timely filed a notice of appeal with the administrative agency pursuant to § 41-22-20 and filed a petition with the circuit court seeking a declaratory ruling pursuant to § 41-22-10 and the Declaratory Judgment Act. The circuit court granted the petitioners the declaratory relief they had sought. The administrative agency appealed and argued that the circuit court had erred in failing to adhere to the standard of review specified by § 41-22-20 for appeals from adverse decisions of administrative agencies. The petitioners argued that, because the administrative agency had based its denial of their petition on the ground that it was not timely filed, they were entitled to seek a declaratory ruling by the circuit court pursuant to § 41-22-10. Reversing the judgment of the circuit court, this court held that, because the petitioners had sought a declaratory ruling by the administrative agency pursuant to § 41 — 22—11(a), the circuit court was limited to reviewing the decision of the administrative agency in accordance with the standard of review specified by § 41-22-20. In obiter dictum, this court stated that, “[i]f the [administrative agency] had done nothing within [the 45-day period in response to the petitioners’ § 41-22-ll(a) petition], then clearly there would be nothing for the circuit court to review, and the [petitioners] could have resorted to § 41-22-10.” 575 So.2d at 1151. Because, in Brashears, this court did not have before it a fact situation in which the administrative agency had failed to issue an express ruling in response to a § 41-22-11(a) petition within the 45-day period, the quoted sentence does not constitute part of this court’s holding in Brashears; it constitutes mere obiter dictum that is not binding on this court. See, e.g., Wilkinson v. Rowe, 266 Ala. 675, 680, 98 So.2d 485, 440 (1957) (opinion on application for rehearing) (“If we were to express an opinion based on facts not shown by the record in this case, that opinion would be dicta and would not be binding in subsequent cases.”).
Moreover, that obiter dictum is erroneous in stating that, if the administrative agency had done nothing within the 45-day period, there would be nothing for the circuit court to review. First, § 41-22-11(b) expressly provides that the failure of the administrative agency to issue an express ruling within the 45-day period constitutes a denial of a § 41-22-11(a) petition on the merits that is subject to judicial review. Second, § 41 — 22—20(i), Ala. Code 1975,[12] authorizes the circuit court to remand the matter to the administrative agency for further proceedings if the circuit court finds that additional evidence is material and that there were good reasons for the failure to present it to the administrative agency previously. Third, § 41-22-20(k) provides that, in reviewing the decision of an administrative agency, the *1016 circuit court “may ... remand the case to the agency for taking additional testimony and evidence or for further proceedings.” Thus, an administrative agency’s failure to issue an express ruling in response to a § 41-22-11(a) petition within the 45-day period does not mean that there would be nothing for the circuit court to review pursuant to § 41-22-20.
Although this court did not address the specific issue whether the denial of a petitioner’s § 41-22-11(a) petition by operation of law rather than by express ruling within the 45-day period entitles the petitioner to seek a new adjudication by the circuit court pursuant to § 41-22-10 in Auburn Medical Center, Inc. v. State Health Planning & Development Agency, 814 So.2d 268 (Ala.Civ.App.2001) (“Auburn II”), our holding in that case necessarily establishes that a denial of a § 41-22-11(a) petition by operation of law does not entitle a petitioner to seek a new adjudication by the circuit court. In that case, Auburn Medical Center filed a § 41-22-11(a) petition with SHPDA seeking a declaratory ruling by the CONRB before the effective date of Act No. 98-341, Ala. Acts 1998, which amended § 22-21-275, Ala. Code 1975,- to provide that a party aggrieved by a decision by SHPDA is not required to request reconsideration or a fair hearing before seeking judicial review of that decision pursuant to § 41-22-20. After its § 41-22-ll(a) petition was denied, Auburn Medical Center sought judicial review of the denial pursuant to § 41-22-20 without requesting a fair hearing, which was a prerequisite to seeking judicial review of the denial of a § 41-22-ll(a) petition before the adoption of Act No. 98-341. The circuit court dismissed Auburn Medical Center’s action on the ground' that it had failed to exhaust its administrative remedies by requesting a fair hearing, and Auburn Medical Center appealed. In a decision delivered in 2000, i.e., Auburn Medical Center, Inc. v. State Health Planning & Development Agency, 814 So.2d 258, 260 (Ala.Civ.App.2000) (“Auburn I”), this court held that Act No. 98-341 should be applied retroactively to Auburn Medical Center’s § 41-22-ll(a) petition and reversed the judgment of the circuit court; however, in a decision delivered in 2001, Ex parte East Alabama Health Care Authority, 814 So.2d 260, 263 (Ala.2001), the supreme court held that Act No. 98-341 could not be applied retroactively to Auburn Medicál Center’s § 41-22-ll(a) petition, reversed this court’s decision in Auburn I, and remanded the cause to this court for further proceedings consistent with the supreme court’s opinion. On remand, Auburn Medical Center argued that the denial of its § 41-22-ll(a) petition was by operation of law due to the failure of the CONRB to issue an express ruling within the 45-day period and that, therefore, Auburn Medical Center was entitled to judicial review of that denial by the circuit court pursuant to the provision of § 41-22-ll(b) stating that a denial of a § 41-22-ll(a) petition by operation of law was subject to judicial review. In the alternative, Auburn Medical Center argued that it was entitled to judicial review of the denial of its § 41-22-ll(a) petition by the circuit court based on § 41-22-10. In Auburn II, this court rejected both arguments, stating:
“Whether [the denial of Auburn Medical Center’s § 41r22-ll(a) petition] was an affirmative act or was merely a denial by operation of law is inconsequential. Auburn Medical Center did not request review by a fair-hearing officer, the final review process for SHPDA. Because the fair-hearing officer, the individual responsible for the final review process, never ruled on the petition, that provision of § 41 — 22—11(b) providing for judicial review has not been implicated, and Auburn Medical Center is not entitled to *1017 judicial review of the CONRB’s denial of its petition.
“Auburn Medical Center argues alternatively that § 41-22-10 provides judicial review of the CONRB’s decision. We disagree. Auburn Medical Center sought declaratory relief with SHPDA pursuant to § 41-22-11, rather than seeking declaratory relief in the circuit court pursuant to § 41-22-10. Auburn Medical Center is not entitled to seek relief pursuant § 11-22-10 once it decided to proceed under § 11-22-11. Alabama Cellular Serv., Inc. v. Size-more, 565 So.2d 199 (Ala.1990); State Personnel Bd. v. Wallace, 659 So.2d 683 (Ala.Civ.App.1995); and Alabama State Personnel Bd. v. Brashears, 575 So.2d 1149 (Ala.Civ.App.1991).”
814 So.2d at 265 (emphasis added).
Thus, this court held in Auburn II that a petitioner who was completely foreclosed from seeking judicial review pursuant to §§ 41-22-ll(b) and 41-22-20 by its failure to request a fair hearing was nonetheless precluded from seeking relief from the circuit court pursuant to § 41-22-10 because of its previous election to seek relief from the administrative agency pursuant to § 41-22-ll(a). If a petitioner who is completely foreclosed from seeking judicial review, pursuant to §§ 41-22-ll(b) and 41-22-20, of the denial of his, her, or its § 41-22-ll(a) petition is nonetheless precluded from seeking relief from the circuit court pursuant to § 41-22-10, then, a for-tiori, a petitioner who has elected to seek relief from the administrative agency pursuant to § 41-22-ll(a) is not entitled to seek relief from the circuit court pursuant to § 41-22-10 merely because the denial of his, her, or its § 41-22-ll(a) petition was by operation of law rather than by the administrative agency’s issuing an express ruling within the 45-day period.
Moreover, although this court in Auburn II did not address the specific issue whether a denial by operation of law of a § 41-22-ll(a) petition entitles a petitioner to seek a new declaratory ruling by the circuit court pursuant to § 41-22-10, the holding in that case is nonetheless disposi-tive regarding the issue whether the denial by operation of law of RCHP-Florence’s § 41-22-ll(a) petition entitles it to seek a new adjudication by the circuit court pursuant to § 41-22-10 because RCHP-Florence’s situation is analogous to Auburn Medical Center’s situation in Auburn II. Auburn Medical Center was completely foreclosed from seeking judicial review pursuant to §§ 41-22-11(b) and 41-22-20 because it did not request a fair hearing; RCHP-Florence is completely foreclosed from seeking judicial review pursuant to §§ 41 — 22—11(b) and 41-22-20 because it did not timely file its notice of appeal with SHPDA. Although the procedural deficiencies that foreclose judicial review in the two situations are different, those differences are not material to a determination whether RCHP-Florence is entitled to seek a new adjudication by the circuit court pursuant to § 41-22-10. In Auburn II, this court held that a petitioner who was completely foreclosed from seeking judicial review pursuant to §§ 41-22-ll(b) and 41-22-20 by a procedural deficiency was nonetheless precluded from seeking a new adjudication by the circuit court pursuant to § 41-22-10 because it had previously elected to seek a declaratory ruling by the administrative agency pursuant to § 41-22-ll(a). In the present case, RCHP-Florence is also completely foreclosed from seeking judicial review pursuant to §§ 41-22-ll(b) and 41-22-20 by a procedural deficiency, and it also has made a previous election to seek a declaratory ruling by the administrative agency pursuant to § 41-22-ll(a). Therefore, Auburn II constitutes binding precedent requiring us to conclude that RCHP-Florence’s previous election to seek a declaratory ruling *1018 by the CONRB pursuant to § 41-22-ll(a) precludes it from seeking a new adjudication of the same issue by the circuit court pursuant to § 41-22-10.
Furthermore, if a petitioner whose § 41-22-11 (a) petition has been denied is not allowed to circumvent the judicial-review process, in which the circuit court must apply the standard of review specified in § 41-22-20(k), by seeking a new declaratory ruling regarding the same issue by the circuit court pursuant to § 41-22-10, he, she, or it should not be allowed to do so by seeking a new adjudication of the same issue by the circuit court pursuant to the Declaratory Judgment Act or § 22-21-276(a). Cf. Alabama Pub. Serv. Comm’n v. AAA Motor Lines, Inc., 272 Ala. 362, 369, 131 So.2d 172, 177 (1961). In AAA Motor Lines, the supreme court acknowledged the rule that “an action for declaratory judgment cannot be made a substitute for appeal” and stated that “[i]f the rule were otherwise, a declaratory proceeding would lie to determine whether a prior declaratory proceeding was erroneous, and there would be no end to that kind of litigation.” Id. Accordingly, we conclude that neither RCHP-Florence’s second claim nor its third claim invoked the jurisdiction of the circuit court.
“Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.”
Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). Because none of RCHP-Florence’s claims invoked the jurisdiction of the circuit court, RCHP-Florence cannot establish that it is entitled to the writ of mandamus it seeks. Therefore, we deny the petition.
APPLICATION GRANTED; OPINION OF APRIL 12, 2013, WITHDRAWN; OPINION SUBSTITUTED; PETITION DENIED.
THOMPSON, P.J., and MOORE and DONALDSON, JJ„ concur.
THOMAS, J., concurs in the result, without writing.

. In pertinent part, § 41-22-11(a), Ala.Code 1975, provides that, "[o]n the petition of any person substantially affected by a rule, an agency may issue a declaratory ruling ... with respect to the applicability to any person, property or state of facts of any rule or statute enforceable by it.”

. With respect to petitions filed pursuant to § 41-22-11(a), § 41-22-11(b) provides, in pertinent part, that "[fjailure of the agency to issue a declaratory ruling on the merits within 45 days of the request for such ruling shall constitute a denial of the request as well as a denial on the merits of the request and shall be subject to judicial review.”

. Section 41-22-20(b), Ala.Code 1975, provides that a proceeding for review of a final decision of an administrative agency in a contested case may be instituted by filing a notice of appeal with the pertinent administrative agency and by filing a petition seeking judicial review of the administrative agency’s decision in the appropriate circuit court.

. In pertinent part, § 41-22-10 provides that ‘‘[t]he validity of a rule may be determined in an action for a declaratory judgment or its enforcement stayed by injunctive relief in the circuit court of Montgomery County, unless otherwise specifically provided by statute.”

. In pertinent part, § 6-6-222, Ala.Code 1975, provides that "[c]ourts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed.”

. In pertinent part, § 22-21-276(a) provides that "[ijnjunctive relief against violations of this article or any reasonable rules and regulations of the SHPDA may be obtained from the Circuit Court of Montgomery County, Alabama, at the instance of SHPDA, any holder of a certificate of need that is adversely affected in the exercise of privileges thereunder by such violation or any member of the public directly and adversely affected by such violation.”

. In pertinent part, § 41-22-20(h), Ala.Code 1975, provides that “[t]he petition for review [of the final decision of an administrative agency by the appropriate circuit court filed pursuant to § 41-22-20(b), Ala.Code 1975,] shall name the agency as respondent....” In pertinent part, § 41-22-10 provides that "[t]he agency shall be made a party to [an] action [brought pursuant to § 41-22-10].”

. Cf. Ala. Admin. Code (SHPDA), r. 410-1-3-.05 (excluding final Saturdays from calculations of periods established by SHPDA rules).

. Although the record indicates that the CONRB has informally honored extensions by agreement of the 45-day period, RCHP-Florence has not cited a rule formally promulgated by SHPDA that authorizes such extensions.

. Although the record indicates that the CONRB has informally honored extensions by agreement of the 45-day period, SHPDA has not cited a rule it has formally promulgated that authorizes extensions by agreement of *1012 the 45-day period. SHPDA’s rule regarding § 41-22-11 does not contain such an authorization. That rule states:
“(1) The CON Review Board may issue declaratory rulings to any person substantially affected by a rule, with respect to the validity of the rule, or with respect to the applicability to any person, property, or state of facts of any rule or statute enforceable by the state agency, or with respect to the meaning and scope of any order of the state agency. Such rulings shall be issued provided:
"(a) the petitioner makes his request in writing no later than fourteen (14) days prior to the regularly scheduled meeting of the CON Review Board; and
"(b) the petitioner shows that he is substantially affected by the rule in question; and
"(c) sufficient facts are supplied in the request to permit the Certificate of Need Review Board to make a valid determination; and
“(d) the request arises from an actual question or controversy.
"(2) Such rulings will be made in accordance with the Alabama Administrative Procedure Act, Code of Ala.1975, § 41-22-11.”
Ala. Admin. Code (SHPDA), r. 410-1-9-.01.

. See supra note 7 and accompanying text.

. Section 41-22-20(i) provides, in part:
“If, before the date set for hearing a petition for judicial review of agency action in a contested case, it is shown to the satisfaction of the court that additional evidence is material and that there were good reasons for failure to present it in the contested case proceeding before the agency, the court may remand to the agency and order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision in the case by reason of the additional evidence and shall file that evidence and any modification, new findings, or decision with the reviewing court and mail copies- of the new findings, or decision to all parties.”